UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STACY WINSLOW, as next friend of A.K., | : | |
| Plaintiffs | : | |
| v. | : | Civil Action No. 13-cv-0659 (EGS) |
| OFFICER L. TAYLOR, | : | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUR-REPLY TO PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO RELEASE FUNDS HELD IN TRUST

Defendant, Officer L. Taylor, comes before this Court and files this sur-reply as permitted by the court in response to Plaintiff's reply to Defendant's opposition to Plaintiff's motion requesting a court order to release funds held in trust for A.K.

Plaintiff A.K. was a minor when the parties settled the underlying litigation. Through the course of discovery in the case, Defendant determined that A.K.'s behavior on the scene of her ultimate arrest reflected a minor in need of mental health and counseling services. She was diagnosed with a serious mental health condition, she had been repeatedly dismissed from a number of schools for discipline reasons and at the time the litigation settled she was being taught at home, because she was no longer capable of functioning in any school, public or charter in a manner that permitted her to learn. Defendant while recognizing that settlement of the claim arising from her arrest was in the best interest of the Defendant, also refused to engage in settlement discussions resulting in payment of money which gave Plaintiff unfettered access to any monetary settlement. Defendant refused to even entertain a monetary settlement that would

not require close monitoring and close restriction of Plaintiff's access to funds. That access needed the professional guidance of mental health professionals, who would be in the best position to determine the best interests of A.K. and her mental health needs. No settlement would have been reached without that provision and restriction on the use of funds. Defendant simply would never have agreed to any amount of money to be paid to Plaintiff without a restriction on the use of the funds. The parties jointly agreed to placement of the funds in a special needs trust. Plaintiff's counsel chose the entity which would hold the funds and disburse them in accordance with its guidelines, and Defendant agreed to deposit the funds there.

Plaintiff now asks this court to permit unfettered and unrestricted access to these funds. Plaintiff has not explained how she would use those funds other than to say she wants to buy a car, although she acknowledged in her most recent filing that she does not even have a driver's license. Plaintiff became pregnant after the date of the settlement of the lawsuit and gave birth to a baby. Plaintiff allegedly also wants access to the funds to "care for her baby." She has not provided any information identifying the father or whether he is providing child support. She fails to identify in what manner the baby is not currently being provided for, nor does she detail how she intends to use money, set aside for her own welfare, on the baby. Plaintiff has failed to identify for the court any support for her otherwise bald claim that the funds should be released from the trust "to use them as her changing needs require."

In addition to the absence of any compelling reason why the court should alter the terms of a negotiated settlement in which both parties were represented by counsel, Plaintiff argues that under Fed. R. Civ. P. 60(b) she has demonstrated changed circumstances which makes compliance with the settlement agreement "substantially more onerous." In support of that

conclusion Plaintiff principally relies upon Rufo v. Inmates of Suffolk County Jail, 112 S. Ct. 748 (1992). That reliance is misplaced.

Rufo involved a request to modify a consent decree designed to relieve an unconstitutional prison overcrowding problem calling for a substantial expenditure of public funds. The Supreme Court remanded the case to the trial court level, adopting a more flexible standard when a party seeks modification of an institutional reform consent decree. In Rufo, however, the court continued to note that the movant has a heavy burden to demonstrate that it "agreed to the decree in good faith, made a reasonable effort to comply . . . and should be relieved of the undertaking. . . . " Id at 761. Even if the holding in Rufo were to apply to the facts of this case, which Defendant does not concede is appropriate, Plaintiff has failed to demonstrate a "significant change in fact or law warrant[ing] revision of the decree and that the proposed modification is suitably tailored to the changed circumstance." Id at 765. Plaintiff also relies upon Keepseagle v. Vilsack, 118 F. Supp. 3d 98 (D.D.C. 2015). However, in that case the court held that modifying a consent decree to adjust to changed circumstances, must "'preserve the essence of the parties' bargain.'" Keepseagle at 127 (citation omitted).

Plaintiff's reply fails to address why this court should accommodate yet another poor decision by Plaintiff, this time to have a child she is allegedly unable to financially care for, in violation of a negotiated settlement agreement intended to better prepare her for life going forward. Plaintiff's proposed "modification" is in essence a complete and total change in the purpose of the settlement terms and destroys the "essence of the parties' bargain."

Defendant remains opposed to a modification of the settlement agreement terms and requests that this court deny the motion.

Respectfully submitted,

/s/ Kathleen A. Carey
Kathleen A. Carey (D.C. Bar No. 357990)
Chief Counsel-Torts
WMATA
600 5th Street, N.W.
Washington, D.C. 20001
kcarey@wmata.com
Tel. 202-962-1496
Counsel for Defendant

CERTIFICATE OF SERVICE

I certify that a copy of the sur-reply memorandum was eserved this 14th day of October, 2016 to:

Arthur Spitzer
American Civil Liberties Union of the Nation's Capital
4301 Connecticut Avenue, N.W., Suite 434
Washington, D.C. 20008

/s/ Kathleen A. Carey